IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ISAAC LITHARIO PETERSON,
       Plaintiff,

vs.                             3:09cv177/LAC/MD

ERIC M. SHAUGHNESSY, et al
       Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint (doc. 1) pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*, which was granted by separate order.

In his complaint, plaintiff names as defendants Officer Eric M. Shaughnessy of the Jacksonville Beach Police Department, and the police department itself. Plaintiff states that he was arrested in the early morning hours on or about October 3, 2005 after Officer Shaughnessy discovered drugs and drug paraphernalia under the passenger seat in a vehicle in which plaintiff was seated. Plaintiff and Nicole A. Spooner were sitting in a parking lot in a vehicle owned and operated by Ms. Spooner when law enforcement approached and asked to search the vehicle. After Shaughnessy discovered the drugs, Ms. Spooner stated that the items belonged to plaintiff, and that he had entered the car with intent to smoke the crack. Plaintiff consistently denied knowledge of the contraband prior to its discovery by the police. Despite his protestations of innocence, plaintiff was arrested and charged with actual or constructive possession of cocaine, and use or possession with intent to use drug paraphernalia. Ms. Spooner was not arrested. As a result of plaintiff's arrest he was charged with a violation of probation. At the December 13, 2005 revocation hearing, Officer Shaughnessy testified about the events of the evening of October 3, 2005, including that Ms. Spooner had lied about the presence of drugs in her

vehicle, that Shaughnessy decided not to arrest her despite her knowledge of the drugs, and that despite her having lied to him, Shaughnessy determined that Ms. Spooner was the more credible of the two occupants with respect to the drugs.  On February 8, 2006, plaintiff was sentenced to ten years custody of the DOC as a result of his violation of probation.  He indicates that he is appealing this case.  In his statement of claim, plaintiff asserts that Officer Shaughnessy "demonstrated discriminatory intent as the basis for arresting the plaintiff."[1]  As relief, plaintiff seeks $2,000,000 in compensatory damages from each defendant.

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claim should be dismissed.  The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct.  at 2372.  Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional.  *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf.  *Porter v. White*, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation).  Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct.  at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160.  In this case, plaintiff states that he is appealing his violation of probation sentence, suggesting that the appeal is still pending.  In any event, this court is not in the proper position to second guess the officer's decision to credit the female driver of the car where the contraband was discovered over that of the plaintiff.

---

[1]  The basis for plaintiff's assertion is unclear, although he does make reference to the fact that he is a black male and Ms. Spooner was a white female.

Accordingly, it is respectfully RECOMMENDED:

That this cause of action be dismissed without prejudice.

At Pensacola, Florida, this 19th day of May, 2009.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).